**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **ADELINA MENDOZA**, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **WELLPOINT WASHINGTON, INC.,** <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT AND JURY DEMAND** |

**Introduction**

1. Adelina Mendoza ("Plaintiff") brings this class action against Wellpoint Washington, Inc. f/k/a Amerigroup Washington, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ***
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

Class Action Complaint - 1

DC Law Group
126 SW 184th St., Ste. C100-201
Burien, WA 98166
(206) 494-0400

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant maintains its principal place of business in this district and as Plaintiff received Defendant's violative calls in this district.

**Parties**

7. Plaintiff is a natural person.

8. Defendant is "dedicated to delivering whole-person health insurance plans and solutions" throughout Washington state.[1]

9. Defendant maintains its principal office in Seattle, Washington.

10. Defendant changed its name from Amerigroup Washington, Inc. to Wellpoint Washington, Inc. in January 2024 following regulatory approval.[2]

**Factual Allegations**

11. Plaintiff is, and has been, for approximately six years, the sole and customary user of and subscriber to her cellular telephone number—(XXX) XXX-5852.

12. Shortly after obtaining her cellular telephone number, Plaintiff began receiving telephone calls intended for someone other than her—Serenity Sheridan.

---

[1] *See* https://www.wellpoint.com/faqs (last visited April 12, 2024).

[2] *Id.*

Class Action Complaint - 2

DC Law Group
126 SW 184th St., Ste. C100-201
Burien, WA 98166
(206) 494-0400

13. For example, on or about July 27, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-5852.

14. In connection with this July 27, 2023 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message stating:

> Hello. This is Amerigroup Washington, Inc. calling for Serenity Sheridan. We're trying to reach you because we have some important information to share. Please call us back toll-free at 1-833-799-1513. Again, the number is 1-833-799-1513. Thank you and have a good day. Goodbye.

15. The tone and speech pattern of this voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

16. When dialed, telephone number (833) 799-1513 plays an automated greeting that begins: "Hello, thank you for calling Amerigroup Washington, Inc. back to hear important information…"

17. On or about October 27, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-5852.

18. In connection with this October 27, 2023 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message stating:

> Hello. This is Amerigroup Washington, Inc. trying again to reach Serenity Sheridan. We have some important information to help you stay healthy during this year's flu season. Please call us back 24/7, toll-free at 1-833-541-2440. Again, the number is 1-833-541-2440. Thank you and have a good day. Goodbye.

19. The tone and speech pattern of this voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

20. When dialed, telephone number (833) 541-2440 plays an automated greeting that begins: "Hello, thank you for calling to hear some important information…"

21. Also on or about October 27, 2023, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-5852.

22. In connection with this second October 27, 2023 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message stating:

> Hello. This is Amerigroup Washington, Inc. calling again for Serenity Sheridan. We're trying to reach you again to share some important information. Please call us back toll-free at 1-833-799-1513. Again, the number is 1-833-799-1513. Thank you and have a good evening. Goodbye.

23. The tone and speech pattern of this voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

24. When dialed, telephone number (833) 799-1513 plays an automated greeting that begins: "Hello, thank you for calling Amerigroup Washington, Inc. back to hear important information…"

25. On or about November 14, 2023, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-5852.

26. In connection with this November 14, 2023 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message stating:

> Hello. This is Amerigroup Washington, Inc. calling for Serenity Sheridan. We want to make sure you stay safe this flu season. Having a flu shot every year is the best way to fight the flu, and it won't cost anything. To find a location that's easy and convenient for you, go online to your plan website. Thank you and have a good day. Goodbye.

27. The tone and speech pattern of this voice message, which Plaintiff received and listened to, are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

28. Defendant placed or caused to be placed additional calls to telephone number (XXX) XXX-5852 on July 11, 2023, July 27, 2023, November 2, 2023, and November 14, 2023, in connection with which a live agent left a voice message intended for "Serenity" and referencing "Amerigroup."

29. Defendant placed its calls to telephone number (XXX) XXX-5852 intending to reach "Serenity Sheridan."

30. Plaintiff is not "Serenity Sheridan."

31. Plaintiff does not know "Serenity Sheridan."

32. Plaintiff does not have, and never had, an account with Defendant.

33. Plaintiff does not have, and never had, a health plan with Defendant.

34. Plaintiff did not provide telephone number (XXX) XXX-5852 to Defendant.

35. Plaintiff did not provide Defendant with consent to place or cause to be placed calls to telephone number (XXX) XXX-5852, in connection with which Defendant used or caused to be used an artificial or prerecorded voice.

36. Defendant did not have Plaintiff's prior express consent to place or caused to be placed any calls to telephone number (XXX) XXX-5852.

37. On more than one occasion, Plaintiff answered one of Defendant's telephone calls to request it stop calling her.

38. For example, when she answered one of Defendant's telephone calls, Plaintiff spoke with an agent to explain that she is not Serenity Sheridan and to request that Defendant cease calling her cellular telephone number.

39. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-5852 for non-emergency purposes.

40. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-5852 voluntarily.

41. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-5852 under its own free will.

42. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls it placed or caused to be placed to telephone number (XXX) XXX-5852.

43. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-5852.

44. Defendant's records will identify each prerecorded voice message it played or delivered, or caused to be played or delivered, or attempted to play or deliver, or caused to be attempted to be played or delivered to telephone number (XXX) XXX-5852.

45. Plaintiff suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-5852, in connection with which Defendant used or caused to be used an

artificial or prerecorded voice message, in that Plaintiff suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

46. Plaintiff found Defendant's artificial or prerecorded voice messages to be irritating and invasive.

47. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Allegations**

48. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Wellpoint Washington, Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person who has or had a Wellpoint Washington, Inc. account or health plan, (3) in connection with which Wellpoint Washington, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

49. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

50. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

51. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

52. The proposed class is ascertainable because it is defined by reference to objective criteria.

53. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

54. Plaintiff's claims are typical of the claims of the members of the class.

55. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

56. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

57. Plaintiff's claims are based on the same theories as the claims of the members of the class.

58. Plaintiff suffered the same injuries as the members of the class.

59. Plaintiff will fairly and adequately protect the interests of the members of the class.

60. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

61. Plaintiff will vigorously pursue the claims of the members of the class.

62. Plaintiff has retained counsel experienced and competent in class action litigation.

63. Plaintiff's counsel will vigorously pursue this matter.

64. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

65. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

66. Among the issues of law and fact common to all members of the class:
   a. Defendant's violations of the TCPA;
   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
   d. Defendant's use of an artificial or prerecorded voice; and
   e. the availability of statutory penalties.

67. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

68. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

69. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

70. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

71. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

72. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

73. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

74. There will be little difficulty in the management of this action as a class action.

**Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

75. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 74.

76. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

77. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used or caused to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without consent.

78. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

79. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury of any and all triable issues.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

Dated: April 12, 2024         Respectfully submitted,

                              s/ Matthew J. Cunanan
                              Matthew J. Cunanan, WSBA#42530
                              DC LAW GROUP
                              126 SW 148th St., Ste. C100-201
                              Burien, WA 98166
                              Telephone: (206) 494-0400
                              Facsimile: (855) 494-0400
                              matthew@dclglawyers.com

s/ Aaron D. Radbil
Aaron D. Radbil (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: (561) 826-5477
jjohnson@gdrlawfirm.com
