UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADELINA MENDOZA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>WELLPOINT WASHINGTON, INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:24-cv-00497-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO AMEND CLASS ACTION COMPLAINT |

This matter comes before the Court on Plaintiff Adelina Mendoza's Unopposed Motion to Amend Class Action Complaint. Dkt. No. 23. For the reasons explained below, the motion is granted.

## I.   BACKGROUND

On April 12, 2024, Mendoza initiated this putative class action against Wellpoint Washington, Inc. for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Dkt. No. 1. Mendoza alleges that Wellpoint delivered unwanted artificial or prerecorded voicemail messages to her cellular telephone number, without her consent, and intending to reach someone she did not know. *Id.* at 2.

ORDER GRANTING UNOPPOSED MOTION TO AMEND CLASS ACTION COMPLAINT - 1

1    Through discovery, Mendoza "learned that a third-party delivered some of the artificial or prerecorded voicemail messages at issue to her cellular telephone on behalf of and at the direction of Wellpoint." Dkt. No. 23 at 2. Based on those new facts, she seeks to amend the complaint "to add allegations against Wellpoint that support a claim for vicarious liability." *Id.*

Under the Court's scheduling order, the deadline to amend pleadings was October 4, 2024. Dkt. No. 18 at 1. This motion was filed after that deadline had lapsed.

## II.  DISCUSSION

### A.  Mendoza Has Shown Good Cause to Amend Under Rule 16

Because Mendoza's motion for leave to file her amended complaint was filed after the October 4, 2024 deadline had elapsed, she must satisfy Rule 16(b)'s "good cause" standard. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Leave to amend is appropriate only if the amended pleading deadline could not be met despite the diligence of the moving party. *Id.* The Court's inquiry thus focuses on the moving party's reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.*; *accord Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). When that is the case, the Court may deny leave to amend. *De Sarucho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). The Court may likewise deny leave to amend if the moving party knew of the facts and theories at issue sufficiently in advance of the deadline to timely assert them. *See, e.g., Lockheed Martin Corp. v.*

1  *Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend where plaintiff's motion "came several months after the stipulated deadline for amending or supplementing the complaint" and "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline").

  Here, Mendoza seeks to amend her complaint "[b]ased on information contained in Wellpoint's discovery responses and production," which she received after the Court entered the discovery protective order on October 28, 2024 (i.e., after the deadline to amend pleadings had already lapsed). Dkt. No. 23 at 3; *see also* Dkt. No. 22. Allowing parties to amend based on information learned through discovery is common under Rule 16. *See, e.g.*, *Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*, No. 19CV1865-GPC(LL), 2021 WL 5332551, at *2 (S.D. Cal. Nov. 16, 2021); *Andrade v. Schnitzer Steel Indus., Inc.*, No. 3:21-CV-00860-HZ, 2023 WL 2728859, at *2 (D. Or. Mar. 30, 2023).

  "New information alone, however, is not good cause for modifying a scheduling order" because a party "must also show diligence in seeking amendment of the scheduling order." *Andrade*, 2023 WL 2728859, at *2 (cleaned up). Mendoza has done so. She received the relevant discovery on or after October 28, 2024, and within two weeks obtained Wellpoint's agreement on the amended complaint and filed this motion. *See Rants v. WHPacific Inc.*, No. C10-05273 RBL, 2010 WL 4622164, at *2 (W.D. Wash. Nov. 4, 2010) (party acted diligently by moving for leave to amend complaint less than two weeks after learning of factual basis for amendment).

B. **Leave to Amend is Also Appropriate Under Rule 15(a)**

  Having found that Mendoza has met the standard under Rule 16(b), the Court turns to the requirements of Rule 15. Rule 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). This is because

"the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

A district court should deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight" and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted); *see also, e.g., Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a presumption in favor of amendment absent prejudice or a "strong showing" under the remaining four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz.*, No. C16-5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016).

The Rule 15(a) factors weigh strongly in favor of granting leave to amend. First, Wellpoint does not oppose leave to amend and the Court finds no prejudice in granting it. For the reasons explained above, Mendoza did not unduly delay amending her complaint. Additionally, this is Mendoza's first time amending her complaint and there is nothing in the record that suggests any bad faith or other dilatory motive. Finally, amendment would not be futile. *See Gomez v.*

*Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014) (a defendant may be held vicariously liable for violations of the Telephone Consumer Protection Act), *aff'd*, 577 U.S. 153 (2016).

### III.  CONCLUSION

For the reasons explained above, the Court GRANTS Mendoza's Motion for Leave to File Her Amended Class Action Complaint. Dkt. No. 23. Mendoza shall file her proposed Amended Complaint within ten days of this Order.

Dated this 22nd day of November, 2024.

Lauren King
United States District Judge